Martha L. Cordoba, Esq., Attorney at Law, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer Keeney, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

### MEMORANDUM **

Alfredo Soto, a native and citizen of Mexico, petitions for review of the order of the Board of Immigration Appeals ("BIA") that adopted and affirmed the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir. 2004), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination based upon Soto's demeanor while testifying. The IJ identified Soto's hesitation and evasiveness with sufficient particularity to support the demeanor finding. *See Arulampalam v. Ashcroft,* 353 F.3d 679, 686 (9th Cir.2003). The demeanor finding also augmented the IJ's findings on inconsistencies between Soto's testimony and asylum application regarding the threats he

received. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999) (affirming an adverse credibility finding where demeanor, inconsistent testimony, and implausible explanations all supported the IJ's credibility determination). Further, the IJ properly concluded that evasive and inconsistent testimony about subsequent detentions at the border undermined his overall credibility. *See Kaur v. Gonzales,* 418 F.3d 1061, 1067 (9th Cir.2005). Accordingly, substantial evidence supports the IJ's determination that Soto failed to establish eligibility for asylum. *See Li,* 378 F.3d at 963.

Because Soto failed to meet his burden for asylum, he necessarily did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

**PETITION DENIED.**

**Mercy Wangare KARANJA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–71333.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Jan. 14, 2008 *.

Filed Jan. 22, 2008.

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Kelly J. Walls, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Mercy Wangare Karanja, a native and citizen of Kenya, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review credibility findings for substantial evidence. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding. *See Li v. Ashcroft*, 378 F.3d 959, 962–64 (9th Cir.2004). For instance, Karanja omitted from her declaration the main incident underlying her claim of persecution. Karanja's statement in her declaration that her husband was subject to death threats, extortion, destruction of property, and the taking of everything of value was contradicted by her husband's testimony that he was not harmed in Kenya. Karanja did not know the whereabouts or circumstances of her adult daughters, though she claimed past persecution and a well-founded fear of future persecution because of her opposition to the female genital mutilation of her daughters. Because Karanja's claims for withholding of removal and CAT protection rested upon this testimony, we deny the petition for review. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003).

We do not consider contentions Karanja failed to raise before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 676–77 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.